WILLIAM T. MERRIFIELD *vs.* SAMUEL ROBBINS & another.

A volume purporting to contain the laws of another state, with the words " By authority " printed on the title page, sufficiently shows that it is printed by authority of the legislature of that state, to warrant its admission in evidence under the Rev. Sts. c. 94, § 59.

In an action to recover the price of goods sold by a third person, alleged by the plaintiff to be his agent, letters and invoices of that person, and copies of letters sent to him by the defendants, (the originals of which the plaintiff has had notice to produce,) are admissible against the plaintiff to show with whom his agent contracted.

ACTION OF CONTRACT against Robbins & Lawrence to recover the price of gun barrels sold to the defendants by Smith & Weeks on the plaintiff's account.

At the trial in the court of common pleas, before *Mellen*, C. J., there was evidence tending to show that Smith & Weeks carried on the business of manufacturing gun barrels in a factory leased to them by the plaintiff under an agreement that the business should be carried on in his name, and that he should receive the proceeds of all sales, and, after deducting the amount of the debts of Smith & Weeks to him, and of his liabilities on their account, pay over the balance to them ; and in their own name made with the defendants the agreement for the manufacture of the gun barrels for the price of which this action was brought ; but the plaintiff, before the delivery of these barrels, notified the defendants of his interest in the business.

The defendants contended that they were not liable ; but that, if any one was liable, it was a corporation doing business in Vermont under the name of the Robbins and Lawrence Company ; and, in order to prove the act of incorporation, offered a volume purporting to contain the laws of the State of Vermont, upon the title page of which were printed the words " By Authority." The plaintiff objected to the introduction of the volume, because it did not appear that it was published by authority of the legislature of Vermont. But the court overruled the objection.

In order to show that the contract was made with the corporation, the defendants offered in evidence the letters and invoices

of Smith & Weeks; and also, after giving the plaintiff notice to produce them, copies of letters addressed by the defendants to Smith & Weeks. The plaintiff objected to these papers; but the court admitted them, on the ground that the plaintiff himself claimed to recover on the ground that Smith & Weeks were his agents in the whole business.

The jury found a verdict for the defendants and the plaintiff alleged exceptions.

*W. Brigham*, for the plaintiff.

*H. F. Durant*, for the defendants.

MERRICK, J. The volume of laws produced in evidence by the defendants, upon the title page of which were printed the words "By Authority," we think did thereby purport to have been published under the authority of the government of the State of Vermont; because we do not know how else any authority for the publication could have been conferred, or that it was possible to have derived it from any other source. The objection to its admissibility was therefore properly overruled. Rev. Sts. *c.* 94, § 59.

The plaintiff attempted to maintain his action upon the ground that Smith & Weeks, in the manufacture and sale of the gun barrels, for the price of which it is prosecuted, acted as his agents. Upon the assumption that they were his agents, the bills and invoices prepared by them and sent with the barrels were acts and declarations made within the scope of their agency, and in the transaction of business pertaining to it, and were therefore admissible in evidence. For a like reason, the copies of the letters, being a portion of the correspondence between the parties relative to their contract and in the course of its execution, were properly allowed to be laid before the jury, to be considered as far as they might legitimately bear upon the question in issue concerning the party by whom the purchase had been made. Sufficient proof was first adduced to show, to the satisfaction of the court, that the original letters could not be found by the defendants to be produced upon the trial, and they were therefore rightly permitted to avail themselves of copies as secondary evidence. *Exceptions overruled.*